By the Court.

This is an appeal from the first judicial District. The facts are, that the appellee, Debon, placed in the hands of Seguin, the appellant, a ship carpenter, a vessel called the Buckskin, to be repaired. It was agreed between the parties, that the work should be done in twenty days, and to the satisfaction of the captain. Thirteen hundred dollars were to be paid by Debon, one half on the completion of the work, and the balance in ninety days. Seguin proceeded in the repairs, when on the 19th of August the vessel was entirely destroyed by a hurricane. The plaintiff states the value of the labour and materials furnished, to the period of the loss, to be six hundred and fifty dollars. The question for the de *7 cision of the Court is, was the plaintiff entitled to recover ? By the 3d book, ch. 3, sect. 3, art. 67, of the Civil Code, it is declared “ that when the undertaker furnishes the materials for the work, if the work be destroyed, in whatever manner it may happen, previous to its being delivered to the owner, the loss shall be sustained by the undertaker, unless the proprietor be in default ip not receiving it, though duly notified to do so.
It has been contended that the provisions of the Code, extend only to a case where the whole thing was to be furnished by the workman (which would be a contract of sale) and not to one like the present, where a certain thing was delivered to him, and he was to furnish only the labour and materials for repair. It is then said that any addition to the principal thing becomes a part of it, and if it perish in the hands of the workman, according to the maxim of the Civil Code, res peril domino ; the undertaker must be paid for work and materials. Certainly this distinction has been drawn ; but it is believed that the present article of the Code was intended to-provide for both cases. And this is rendered the more probable by observing, that the work destroyed and whose loss should be borne by the undertaker, is the work which is placed under die doctrine of. Image, or letting and hiring; and not merely that whole or entire work which would'be properly classed tukier the head of vente, or sale ; *8 the distinction is not found in the words of the law. The subject matter of the section, and to which all its provisions apply, is explained in the 65th article; it speaks of an undertaking of a building, or work, for a certain stipulated price. The contract before the Court is an entire and indivisible one, and is precisely such a one as is defined by the law.
But independently of the Civil Code, it is believed that the plaintiff below could not recover. It is stated by Pothier, that there is a great difference between a contract aversione, by the job, or entire, and a bargain with a workman that he shall receive so much by the foot or measure. In the first case, the undertaker cannot cojnpel the owner to receive the work until it is finished; and until that time, it is at his risk. There can be no doubt if the work had been finished ready for delivery,- the loss would have fallen on the owner; because it was his fault that it was not received—unless he could shew that it was riot such work as had been agreed for.
Voet observes in his commentary on the 36th law of the 19th Book of the Digest, “ opus, quod aversione lacatum est, donee approbetur, conductor ispericülum est ’’—that if a thing be in the hands of a workman to give it a new form for a certain price; if before it be finished, or if finished there be no delay on the part of the owner to receive it, and it be destroyed by fire, robbery, *9 or any other misfortune, without his fault, it seems equitable the owner should lose the thing he sent, and the workman his price.
Upon the whole the Court are of opinion that the judgment of the Court below be affirmed with costs..